## Marburg Bottling Works, Inc. Liquor License Case.

Argued September 13, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*James Iannucci,* Special Assistant Attorney General, with him *I. Harry Checchio,* Special Assistant Attorney General, *Thomas J. Shannon,* Assistant Attorney General, and *Edward Friedman,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Richard J. Raab,* with him *Hines and Raab,* for appellee.

OPINION BY WRIGHT, J., November 17, 1966:

On October 14, 1965, after hearing, the Pennsylvania Liquor Control Board entered an order suspending for a period of ten days the importing distributors

license issued to Marburg Bottling Works, Inc., 6015 Rising Sun Avenue, Philadelphia, Pennsylvania. This order was based upon the following finding of fact: "The checks or drafts issued by the licensee and dated February 26, March 5, May 5 and 6, 1965, in payment for purchases of malt or brewed beverages were dishonored by the institution upon which drawn". The licensee appealed to the Court of Quarter Sessions of Philadelphia County. On March 4, 1966, that tribunal entered an order reversing the action of the Board. This appeal followed.

Section 493 of the Liquor Code reads in pertinent part as follows: "It shall be unlawful . . . (26) For any retail liquor licensee or any retail dispenser, distributor or importing distributor, to make, draw, utter, issue or deliver, or cause to be made, drawn, uttered, issued or delivered, any check, draft or similar order, for the payment of money in payment for any purchase of malt or brewed beverages, when such retail liquor licensee, retail dispenser, distributor or importing distributor, has not sufficient funds in, or credit with, such bank, banking institution, trust company or other depository, for the payment of such check". Act of April 12, 1951, P. L. 90, as amended, 47 P.S. 4-493.

There is no dispute as to the Board's factual finding. The decision below was based on the conclusion of the hearing judge that, on the dates the checks in question were issued, the licensee did have sufficient funds in bank to cover their payment even though the checks were subsequently dishonored. He reasoned that "the controlling language seems to me to be whether or not there was a balance in the bank to meet the checks, and not the retention of such balance". Passing appellant's contention that there is insufficient evidence in the record to support a finding that the licensee actually had sufficient funds in bank on the dates the checks were drawn, we are clearly of the

opinion that the lower court erred in its interpretation of the statutory language.

The issuance of checks against insufficient funds so as to create an indebtedness to be discharged in the future constitutes the making of purchases on credit in violation of the statute: *Parkway Distributing Company Liquor License Case,* 204 Pa. Superior Ct. 514, 205 A. 2d 660. It was the plain intention of the legislature to require a licensee, if he would avoid committing a violation, to have sufficient funds in bank to insure payment of the checks he issues. The pivotal question is the situation which exists at the time the checks are presented for payment. The construction adopted by the lower court would defeat the basic purpose of the statute.

The order of the court below is reversed, and the order of the Board is reinstated.