## Alston Beer Distributor Liquor License Case.

Argued December 10, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*James Iannucci*, Special Assistant Attorney General, with him *Thomas J. Shannon*, Assistant Attorney General, and *William C. Sennett*, Attorney General, for Pennsylvania Liquor Control Board, appellant.

*A. Benjamin Johnson, Jr.*, for appellee.

OPINION BY WRIGHT, P. J., March 20, 1969:

On December 15, 1967, after hearing on Citation No. 1440 for 1967, the Pennsylvania Liquor Control Board entered an order suspending for a period of twenty days the distributor's license issued to Huda Alston, t/a Alston Beer Distributor, 801 South 18th Street, in the City of Philadelphia. This order was based upon the following finding of fact: "The checks or drafts issued or caused to be issued by the licensee and dated December 21, 1966; May 19 and July 26, 1967, in payment for purchases of malt or brewed beverages, were dishonored by the institution upon which drawn". The licensee appealed to the Court of

Quarter Sessions of Philadelphia County, which tribunal entered an order, September 20, 1968, vacating the suspension. The Board has appealed to this court.

At the hearing de novo in the court below, June 26, 1968, the Board adduced testimony by one of its enforcement examiners and by the bookkeeper of the Citizens Bank upon which the licensee's checks were drawn. This testimony fully supports the finding of fact upon which the Board based its order of suspension. The licensee offered no denial, choosing not to testify.

The learned hearing judge did not make a finding of fact different from that made by the Board. His reasoning was "that the licensee did not knowingly permit his funds to fall below the level necessary to cover the checks that had been issued . . . At most the violations charged were the result of an oversight . . . Such a penalty is too severe when the violations charged are infractions of the mere letter of the law and not its spirit". We are not in accord with this reasoning.

Statutes which are in the nature of police regulations may provide punishment for a violator without regard to the question of his guilty knowledge: *Clem's Cafe Liquor License Case,* 425 Pa. 94, 227 A. 2d 491. The issuance of checks against insufficient funds so as to create an indebtedness to be discharged in the future constitutes the making of purchases on credit in violation of the Liquor Code: *Marburg Bottling Works, Inc. Liquor License Case,* 208 Pa. Superior Ct. 498, 223 A. 2d 890. A court of quarter sessions may not capriciously disregard competent evidence of violations by a licensee: *Demangone's Inn Liquor License Case,* 212 Pa. Superior Ct. 308, 243 A. 2d 187. Nor may it reduce the penalty imposed by the Board because it is considered too severe: *35th Ward Demo-*

*cratic Club, Inc. Liquor License Case,* 213 Pa.. Superior Ct. 13, 245 A. 2d 713.

The order of the court below is reversed, and the order of the Board is reinstated.