## Pace Liquor License Case.

Argued April 12, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Thomas J. Shannon,* Assistant Attorney General, with him *John W. Beatty,* Special Assistant Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

*Robert H. Chase,* for appellee.

Opinion by Wright, P. J., June 22, 1971:

On July 31, 1967, after hearing on Citation No. 402 for 1967, the Pennsylvania Liquor Control Board ordered that the restaurant liquor license No. R-9234 issued to Joseph A. Pace, Frank C. Scalise, and Anthony F. Scolio for premises at 1132 State Street in the City of Erie, be revoked and the bond forfeited. This order was based upon the following finding of fact: "The licensees, their servants, agents or employes sold, furnished and/or gave liquor and/or malt or brewed beverages between the hours of two o'clock antemeridian and seven o'clock antemeridian, on February 18 and 25, 1967". The licensees appealed to the Court of Common Pleas of Erie County, which tribunal entered an order, February 19, 1970, reducing the penalty imposed from a revocation to a ninety-day suspension. The Board has appealed.

The history of the licensed premises includes six prior citations which resulted in suspension or fine. At the hearing before the Board on the instant citation, May 25, 1967, enforcement officers testified that alcoholic beverages were sold on the licensed premises by one of the co-licensees, Anthony F. Scolio, on Saturday, February 18, 1967, until 3:10 A.M., and on Saturday, February 25, 1967, until 3:00 A.M. The testimony of the officers was not contradicted nor impugned in any manner, and the licensees offered no evidence.

At the court hearing de novo, the transcript of the hearing before the Board was received into evidence by stipulation. Co-licensee Joseph A. Pace, and co-licensee Frank C. Scalise, testified that co-licensee Anthony F. Scolio, customarily worked from 6:00 P.M. to closing, and that they were not present at the time of the alleged violations. They did not deny that after hours sales had occurred, as the officers had testified. Co-

licensee Anthony F. Scolio did not take the witness stand.

In his opinion, the hearing judge made the following statement: "In the current case, the Court, after a careful review of all of the testimony is of the opinion that he could not sustain the Board in all of its findings. At this time, the Court will not make a listing of specific findings.

"A careful review of all of the testimony, however, indicates that a revocation is not warranted".

It is important to note that the court below did not make findings of fact different from those made by the Board. Indeed, the record discloses that there was no basis for different findings of fact. The competent uncontroverted evidence presented by the Board's enforcement officers clearly established that after-hours sales were made on the licensed premises by one of the co-licensees on the two dates set forth in the Board's opinion and order.

The law is clear that the lower court may not change or modify a penalty imposed on a licensee by the Board without making specific material changes in the facts as found by the Board: *Maple Liquor License Case*, 207 Pa. Superior Ct. 237, 217 A. 2d 859. Nor may the court below capriciously disregard competent evidence of violations by the licensee: *Petty Liquor License Case*, 216 Pa. Superior Ct. 55, 258 A. 2d 874. Nor may the court below reduce the penalty imposed by the Board because it is considered too severe: *Alston Beer Distributor Liquor License Case*, 214 Pa. Superior Ct. 32, 251 A. 2d 808.

The order of the court below is reversed, and the order of the Board is reinstated.