Pennsylvania Liquor Control Board, Appellant, *v*. Washington Sporting Club, Appellee.
Washington Sporting Club, Appellant, *v*. Pennsylvania Liquor Control Board, Appellee.

258

Argued April 4, 1974, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Albert B. Miller,* Special Assistant Attorney General, with him *Welton J. Fischer,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellant-appellee, Pennsylvania Liquor Control Board.

*James Dunworth,* with him *Lynwood F. Blount,* for appellant-appellee, Washington Sporting Club.

OPINION BY JUDGE MENCER, June 10, 1974:

On March 26, 1973, after hearing following a citation, the Pennsylvania Liquor Control Board (Board) entered an order revoking the club liquor license of the Washington Sporting Club. This order was based upon the following finding of fact: "The licensed organization, by its servants, agents or employes sold li-

quor and/or malt or brewed beverages on the licensed premises to non-members, on October 22, November 5, 1972." This was the licensee's seventh violation since receiving its license in 1934.

The licensee appealed to the Court of Common Pleas of Philadelphia County and that tribunal entered an order June 22, 1973, denying the appeal and modifying the Board's order by substituting a 30-day suspension of the club license for the Board's revocation of that license. Both the Board and the licensee have appealed to this Court.

The court below found, after hearing, that "on October 22, November 5, 1972 the [Washington Sporting Club] sold liquor and/or malt beverages on its premises to non-members" and "[t]hese acts were in violation of the applicable provisions of the Pennsylvania Liquor Code." In view of this finding, there was no justification for a modification of the order of the Board. The court of common pleas may change the penalty imposed by the Board "only when it has made significant and material changes in the findings of the Board." *Noonday Club of Delaware County, Inc. Liquor License Case,* 433 Pa. 458, 464, 252 A. 2d 568, 572 (1968).

It is now firmly established that the lower court must make findings of fact on the material issues different from those made by the Board before the action taken by the Board can be reversed or changed. Unless the lower court's change or modification is so grounded, it cannot stand. *Carver House, Inc. Liquor License Case,* 454 Pa. 38, 310 A. 2d 81 (1973).

Here there are no findings of fact on material issues made by the lower court which are different from those made by the Board. Therefore, this case can be distinguished from *Commonwealth v. M.S.G., Inc.,* 7 Pa. Commonwealth Ct. 540, 297 A. 2d 556 (1972), wherein we approved a lower court modification of a Board-imposed penalty. The court below may not reduce the

penalty imposed by the Board because it is considered too severe. *Pace Liquor License Case*, 218 Pa. Superior Ct. 300, 280 A. 2d 642 (1971).

Washington Sporting Club contends in this appeal that the evidence presented by the Board was procured by entrapment. It was not entrapment for the officer to attempt to secure evidence of violations of the liquor laws after gaining entrance to the club by walking past the door attendant or by paying money on the attendant's demand. *See Reiter Liquor License Case*, 173 Pa. Superior Ct. 552, 98 A. 2d 465 (1953). Further, this issue, not having been presented to the court below, is not properly before us. *Bechler v. Oliva*, 400 Pa. 299, 161 A. 2d 156 (1960).

The order of the Court of Common Pleas of Philadelphia County is vacated, and the order of the Pennsylvania Liquor Control Board revoking the club liquor license of the Washington Sporting Club is reinstated.