Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant, *v.* Latrobe Armed Services Association, Appellee.

Submitted on briefs, November 8, 1974, to Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*J. Leonard Langan,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Israel Packel,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE KRAMER, December 18, 1974:

This is an appeal by the Pennsylvania Liquor Control Board (Board) from an order of the Court of Common Pleas of Westmoreland County, dated February 7, 1974, which is described below.

On March 20, 1973, the Board issued citation number 445 of 1973, directed against the Latrobe Armed Services Association (Association). The citation alleged violations of the Liquor Code, Act of April 12, 1951, P. L. 90, *as amended,* 47 P.S. 1-101 et seq., and rules and regulations adopted by the Board pursuant thereto. Specifically, this citation alleged that (1) the charter of the organization was not in the possession of the original incorporators or their direct or legitimate successors; and (2) an unexplained shortage existed in the Association's cash income. On April 17, 1973, the Board issued a second citation to the Association (number 552 of 1973), alleging (1) the serving of alcoholic beverages to nonmembers; and (2) the serving of alcoholic beverages after the hours permitted by law.

As a matter of convenience, hearings on both citations were held on June 8, 1973. The record indicates that citations 445 and 552 were considered separately by the hearing examiner, with separate testimony taken, in turn, on each citation. Among the evidence introduced at the hearings was the past disciplinary record of the Association, which included two prior citations

and convictions (in 1962 and 1970). In both numbers 445 and 552, the Board, on July 20, 1973, ordered the revocation of the Association's club liquor license. These revocation orders (and the accompanying opinions) were issued separately, consistent with the Board's treatment of the citations as two distinct cases.

The Association appealed both orders of revocation, by a single appeal, to the Court of Common Pleas of Westmoreland County. The lower court reversed and set aside the Board's order in number 445, and modified the penalty in number 552, vacating the revocation and substituting a 30-day suspension. The Board appealed to this Court, questioning only the modification of penalty in number 552.[1]

Section 471 of the Liquor Code, 47 P.S. 4-471 (Supp. 1974-1975), provides for review of an order of revocation by the courts of common pleas. Such review is regulated by the following provision: "Upon appeal, the court so appealed to shall, in the exercise of its discretion, sustain, reject, alter, or modify the findings, conclusions and penalties of the board, based on the findings of fact and conclusions of law as found by the court."

Our scope of review in liquor license revocation cases is limited to determining whether the court below committed an error of law or abused its discretion. *Commonwealth v. M.S.G., Inc.*, 7 Pa. Commonwealth Ct. 540, 297 A. 2d 556 (1972).

In the instant case the lower court conducted a hearing de novo.

In citation number 445, the court took additional evidence and made new findings of fact contrary to those made by the Board. Based upon these new findings of fact, the court reversed the Board, and no appeal has been taken from that determination.

---

[1] No appearance was entered on behalf of the Association, and it filed no brief.

However, as to citation number 552, the transcript of the testimony taken before the Board's examiner was stipulated to be a proper record by counsel for both parties, and no additional evidence was offered on this citation. In citation number 552, the court was "of the opinion . . . that the revocation . . . is based on this present citation of sales to non-members and free dispensing after hours and one previous violation. Finding this to be a fact, this Court is of the opinion that the Board has abused its discretion and that the revocation ordered at number 552, 1973 should be reduced to a suspension of thirty (30) days."

The above quoted section of the Liquor Code grants to the lower court a broad power to review license revocations by the Board, but this review is restricted significantly when the lower court would modify a *penalty*. As our Supreme Court said in *Noonday Club of Delaware County, Inc. Liquor License Case,* 433 Pa. 458, 467, 252 A. 2d 568, 573 (1969): "Pursuant to this section [47 P.S. §4-471] the lower court on appeal is required to hold hearings *de novo,* make its own findings of fact and conclusions of law and then in the exercise of *its own* discretion either sustain, reverse, or modify the action taken by the Board. The court is in no way limited either by statute or by case authority to a review of the Board's discretion, but rather makes a completely independent determination of all facets of the case in rendering its own decision. The only limitation placed upon the court is in the area of imposing penalties when no material changes are made in the findings of the Board." (Emphasis in original.) *See also Barone's, Inc. v. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board,* 10 Pa. Commonwealth Ct. 563, 566, 312 A. 2d 74, 75 (1973); and *Commonwealth v. M.S.G., Inc., supra.*

As indicated in the above-quoted passage from *Noonday Club,* a lower court may be justified in altering a

penalty imposed by the Board, but this is so only when the court, after a de novo hearing, makes findings materially different from those made by the Board. This principle has prevailed for over 20 years, since the adoption of the current Liquor Code, and has recently been reaffirmed by the Supreme Court in *Carver House, Inc. Liquor License Case*, 454 Pa. 38, 310 A. 2d 81 (1973), and followed by this Court in *Pennsylvania Liquor Control Board v. Washington Sporting Club*, 13 Pa. Commonwealth Ct. 257, 259, 320 A. 2d 851, 852 (1974) and *Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board v. Italian Mutual Society of Gallitzin*, 11 Pa. Commonwealth Ct. 78, 79-80, 312 A. 2d 844, 845 (1973). As Judge MENCER said in *Washington Sporting Club*: "It is now firmly established that the lower court must make findings of fact on the material issues different from those made by the Board before the action taken by the Board can be reversed or changed. Unless the lower court's change or modification is so grounded, it cannot stand." 13 Pa. Commonwealth Ct. at 259, 320 A. 2d at 852.

In the instant case, there is nothing in the record, or in the opinion of the lower court, to indicate that "material findings" different from those of the Board were made by the court below. The decision of the court reveals only a disagreement with the penalty chosen by the Board, and in this area the court of common pleas is not free to substitute its own discretion for that of the Board. *Washington Sporting Club, supra.*

The only remaining question is whether the revocation ordered in number 552 was within the statutory power of the Board to punish. There is no doubt that the revocation was within the Board's authority. Section 471 of the Liquor Code, 47 P.S. §4-471 (Supp. 1974-1975) reads, in pertinent part: "Upon such hearing, if satisfied that *any such violation has occurred or for other sufficient cause*, the board shall immediately sus-

pend or revoke the license, or impose a fine. . . ." (Emphasis added.)

It has been held that the Board can revoke a club liquor license for an offense involving sales after hours and sales to nonmembers. *See Ajax Club Liquor License Case,* 153 Pa. Superior Ct. 473, 34 A. 2d 326 (1944).

In light of the above opinion, the order of the Court of Common Pleas of Westmoreland County, dated February 7, 1974, insofar as it modifies the penalty imposed by the order of the Pennsylvania Liquor Control Board dated July 20, 1973 in citation number 552 of 1973, is reversed.