In Re: Citation No. 888 of 1974 Suspension of Restaurant Liquor License Issued to Samuel B. and Patricia L. Crangi, Phil's Inn, 427 First Avenue, Koppel, Pennsylvania *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board.
Pennsylvania Liquor Control Board, Appellant.

Argued May 6, 1976, before President Judge Bow-
MAN and Judges MENCER and ROGERS, sitting as a
panel of three.

*J. Leonard Langan,* Assistant Attorney General,
with him *Harry Bowytz,* Chief Counsel, and *Robert
P. Kane,* Attorney General, for appellant.

*T. A. Tenor,* for appellees.

OPINION BY JUDGE MENCER, June 25, 1976:

On January 30, 1975, after a hearing on a citation,
the Pennsylvania Liquor Control Board (Board) en-
tered an order suspending, for ten days, the restaurant
liquor license of Samuel B. and Patricial L. Crangi,
who operated an establishment known as Phil's Inn,
in Koppel, Pennsylvania. The Board, in its adjudica-

tion, found that "[t]he licensees, their servants, agents or employes sold, furnished and/or gave or permitted such sale, furnishing and/or giving of liquor and/or malt or brewed beverages to minors, on April 26, 1974." The licensees appealed to the Court of Common Pleas of Beaver County, and that tribunal affirmed the Board's findings but modified the Board's penalty by striking the ten-day suspension and imposing a fine of $150. The Commonwealth appeals to this Court, questioning the authority of the court below to modify the penalty.

As we stated in *Pennsylvania Liquor Control Board v. Washington Sporting Club,* 13 Pa. Commonwealth Ct. 257, 259, 320 A.2d 851, 852 (1974):

"The court of common pleas may change the penalty imposed by the Board 'only when it has made significant and material changes in the findings of the Board.' Noonday Club of Delaware County, Inc. Liquor License Case, 433 Pa. 458, 464, 252 A.2d 568, 572 (1968).

"It is now firmly established that the lower court must make findings of fact on the material issues different from those made by the Board before the action taken by the Board can be reversed or changed. Unless the lower court's change or modification is so grounded, it cannot stand. Carver House, Inc. Liquor License Case, 454 Pa. 38, 310 A.2d 81 (1973)." *Accord, Pennsylvania Liquor Control Board v. Latrobe Armed Services Association,* 16 Pa. Commonwealth Ct. 199, 329 A.2d 549 (1974).

In support of its modification order, the court below noted what it considered to be an "erroneous or arbitrary consideration [by the Board] of alleged prior violations in fixing the penalty."[1] This is clear-

---

[1] The Board, in its adjudication, considered two former violations attributable to the license. One of these involved Samuel

ly not a material additional finding of fact upon which a penalty modification can be based.[2] We further note that, even were we to adopt the court's statement as an additional material finding, it is clear to us that it would not affect the penalty imposed by the Board, for the law clearly allows the imposition of a suspension for a first offense violation. *Fumea Liquor License Case,* 186 Pa. Superior Ct. 609, 142 A.2d 326 (1958); *Turner v. Pennsylvania Liquor Control Board,* 161 Pa. Superior Ct. 16, 53 A.2d 849 (1947).

The order of the Court of Common Pleas of Beaver County is reversed, and the order of the Pennsylvania Liquor Control Board suspending, for ten days, the restaurant liquor license of Samuel B. and Patricia L. Crangi is reinstated, effective within a reasonable time to be determined by the Board following the filing of this opinion.

Judge KRAMER did not participate in the decision in this case.

---

Crangi and a different colicensee. Neither citation encompassed unlawful sales to minors.

[2] *See Commonwealth v. M. S. G. Inc.,* 7 Pa. Commonwealth Ct. 540, 297 A.2d 556 (1972), wherein we affirmed a trial court's penalty modification based on new findings.