Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Brock's Cafe, Inc., Appellee.

Submitted on briefs, September 29, 1978, to Judges WILKINSON, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*Harry Bowytz,* Chief Counsel, and *J. Leonard Langan,* Assistant Attorney General, for appellant.

*Herbert G. Hardin,* for appellees.

OPINION BY JUDGE MACPHAIL, January 9, 1979:

After a hearing, the Pennsylvania Liquor Control Board (Board) found that Brock's Cafe, Inc. (Li-

censee), maintained its licensed premises in an insanitary condition on June 16, 1976. Accordingly, the Board on December 30, 1976, suspended the Licensee's license for five (5) days and thereafter until the Licensee corrected the insanitary conditions for which it had been cited. In imposing its penalty, the Board noted that it had considered the fact that the Licensee had three (3) prior citations.

The Licensee appealed the Board's order to the Court of Common Pleas of Philadelphia County which found, after a hearing, that (1) the Board improperly considered a citation which was thirteen (13) years old in assessing its penalty[1] and (2) the Licensee had corrected the insanitary conditions by the time of the Board's hearing.

Before a Court may modify or set aside Board actions, it must make findings of fact on the material issues different from those made by the Board. *Carver House, Inc. Liquor License Case,* 454 Pa. 38, 310 A.2d 81 (1973). A finding that the Board abused its discretion by considering a prior citation in fixing the penalty is not a material additional finding of fact upon which a penalty modification may be based. *In re Suspension of Crangi Liquor License,* 25 Pa. Commonwealth Ct. 322, 361 A.2d 488 (1976).

Neither is the finding by the lower court that the insanitary conditions were corrected at the time of the Board's hearing material to the issue of whether those conditions existed at the time alleged in the citation. The only effect of the correction of those conditions would be to warrant the restoration of the license at the expiration of the five (5) day suspension.

Since the findings by the lower court on the material issues were not different from those made by the Board, we must reverse.

---

[1] The other two citations occurred in 1976.

## ORDER

AND Now, this 9th day of January, 1979, the order of the First Judicial District of Pennsylvania, Trial Division, dated April 4, 1977, is reversed and the order of Pennsylvania Liquor Control Board, dated December 30, 1976, is reinstated.