## In re Harty's Entertainment and Banquet Company

*Gregory T. Nichols,* for appellants.
*Richard L. Kelly,* for appellees.

LOUGHRAN, *J.,* June 12, 1980—On December 12, 1979 the Pennsylvania Liquor Control Board (board) issued almost identical citations against the two appellant-licensees for paying for beer on credit in violation of section 493(2) of the Liquor Code of April 12, 1951, P.L. 90, as amended, 47 P.S. §4-493(2). On February 26, 1980 hearings were held on these two citations before the board hearing examiner in Pittsburgh. On April 16, 1980 the board, after complete hearings, imposed an order of $200 against J. Wiley Hartman, III and Thomas E. Hartman, t/a Red Rooster at Citation 2611, 1979 (no. 38 Civil of 1980, Westmoreland County), and against Harty's Entertainment and Banquet Company, t/a Harty's at Citation 2612 (no. 39 Civil of 1980, Westmoreland County). On May 2, 1980 timely appeals were taken to this honorable court, and June 2, 1980 was set down as the hearing date.

At the hearing before the Court of Common Pleas of Westmoreland County on June 2, 1980 appellant demanded a de novo hearing and moved to dismiss the citations since the Commonwealth had not produced a necessary witness, an officer of the Greensburg Beverage Company, who purportedly would testify to the critical evidence needed to establish the Commonwealth's burden of proof. At this juncture of the case the Commonwealth did not ask for a continuance nor did they ask for aid to enforce their subpoena, but instead the Commonwealth specifically informed the court that they would not be able to proceed because of the absence of this indispensable witness regarding its allegation of the purchase of malt beverages on credit.

Counsel for the Commonwealth then argued that since the enactment of the new Judicial Code, the appellant is not entitled to a de novo proceeding. On the contrary, he argued that all appeals from administrative agencies must be submitted to the court on the certified records for purposes of certiorari.

This is an erroneous interpretation in that the preceding sections of this chapter state, inter alia: (a) "Except as provided in subsection (b), this subchapter shall apply to all Commonwealth agencies . . . (b) *None* of the provisions of this subchapter shall apply to: . . . (2) Any appeal from a Commonwealth agency which may be taken initially to the courts of common pleas under 42 Pa.C.S. §933 (relating to appeals from government agencies)." 2 Pa.C.S.A. §701(a) et seq. (Emphasis supplied.)

Section 933 does specifically enumerate determinations of the Pennsylvania Liquor Control Board; see 42 Pa. C.S.A. §933(v).

The Judicial Code, 42 Pa.C.S.A. §5105(d), indicates that the law regarding a de novo hearing is as follows: "(1) Except as otherwise provided in this subsection an appeal under this section shall extend to the whole record, with like effect as upon an appeal from a judgment entered upon the verdict of a jury in an action at law and the scope of review of the order shall not be limited as on broad or narrow certiorari." The section however goes on to state: (3) *"Nothing in this subsection shall supersede* any general rule or rule of court or *any unsuspended statute authorizing or requiring an appellate court to receive additional evidence or to hear the appeal de novo."* (Emphasis supplied.)

The appeal section of the Liquor Code has never been suspended and states, inter alia, at 47 P.S. §4-471:

". . . Upon appeal the court so appealed to shall, in the exercise of its discretion, sustain, reject, alter or modify the findings, conclusions and penalties of the board, based on the findings of fact and conclusions of law as found by the court."

This section has been interpreted to mean that the court of common pleas is required to hold a hearing de novo: Pennsylvania Liquor Control Board v. Latrobe Armed Services Association, 16 Pa. Commonwealth Ct. 199, 329 A. 2d 549 (1974).

For the foregoing reasons, the appellant is entitled to a "de novo" hearing. Being so entitled, the Commonwealth failed to sustain its burden of proof and the appeal of appellant should properly be sustained and the orders of the board are therefore reversed.