## In re Emmaus Volunteer Fire Company No. 3 Appeal

*William M. Thomas,* for licensee.

*Joseph F. Lynch, Assistant Attorney General,* for Pennsylvania Liquor Control Board.

GARDNER, *J.,* October 9, 1981—This is an appeal from the order of the Pennsylvania Liquor Control Board ("board") imposing a fine of $200 upon Emmaus Volunteer Fire Company Number 3 ("licensee"). For the reasons stated in this opinion, we grant the appeal and reverse the order of the board below.

On November 5, 1980, the board cited licensee for "permitting gambling, gambling devices, paraphernalia, and/or lotteries on the licensed premises." A hearing was held February 11, 1981. On April 13, 1981, the board issued an opinion and order concluding that on October 8 and 24, 1980, licensee violated the Liquor Code as alleged and imposed the fine.

On July 27, 1981, a hearing de novo, as required by the Liquor Code of April 12, 1951, P.L. 90, art. IV, sec. 471, as amended, 47 P.S. §4-471, was held before the court: Pennsylvania Liquor Control Board v. Latrobe Armed Services Association, 16 Pa. Commonwealth Ct. 199, 202, 329 A. 2d 549, 551 (1974).

An enforcement officer testified for the board that licensee holds a "Club" liquor license. On October 8, 1980, and again on October 24, 1980, the officer was at the premises of licensee. On each occasion he observed two coin-operated poker machines. On the second occasion he observed patrons playing each machine.

The machines simulate the card game of poker. The player inserts a quarter and presses a button to

make five playing cards appear on a screen. The player then has the option, by additional presses of the button, to discard certain of his cards, and to obtain substitute cards which replace the discarded cards on the screen.

When the player inserts a quarter, the machine registers a credit point. The machine rewards a winning hand by adding additional credit points to the screen. The number of credit points registered varies with the nature of the winning poker hand, e.g., three of a kind, full house, straight, flush, etc. A losing game results in the loss of the credit which was played on the particular game.

The player may, if he chooses, add credit points by inserting additional coins up to eight quarters. The player then determines how many of the credit points he wishes to play on the hand to be dealt. The number of credits registered for a winning hand, or deducted for a losing hand, increases proportionately with the number of quarters inserted.

A player who has won a credit point may play an additional game without inserting another coin. A player who has won more than one credit point may increase his bet on each hand by utilizing any number of additional credit points, up to eight, on that hand.

The liquor enforcement officer testified that the poker machines on licensee's premises are identical to two machines previously seized by enforcement officers at the Franklin Social Club in Lehigh County.[1] Unlike the Franklin Social Club case, however, there is no evidence in this case that the players received cash from the licensee, or from

---

1. See Com. v. Two Electronic Poker Game Machines and One Electronic Blackjack Game Machine, 38 Lehigh 421 (1980).

anyone else, in exchange for credit points won. Nor is there evidence of any reward to winning players other than additional free games.

The opinion of the board is unclear whether licensee was fined for possessing gambling devices or paraphernalia, or for permitting lotteries or for permitting gambling, or for a combination of reasons. The board apparently determined that the poker machines constituted gambling devices and possibly that licensee permitted gambling on its premises.

There is no doubt that if the poker machines constitute gambling devices or were used for gambling purposes, the board would be justified in imposing a fine. Section 4-471 of the Liquor Code authorizes imposition of a fine for "any other sufficient cause shown. . . ." Violations of the criminal laws of the Commonwealth constitute such sufficient cause: In the Matter of Primo's Bar, Inc., 48 Pa. Commonwealth Ct. 188, 191, 409 A. 2d 1369, 1371 (1979); Trexler Appeal, 36 Lehigh 367, 370 (1975). It is a violation of the Pennsylvania Crimes Code to maintain a gambling device, or to permit gambling on one's premises. 18 Pa.C.S.A. 5513(a).

The scope of the court's authority in appeals from the board is clearly delineated in Pennsylvania Liquor Control Board v. Latrobe Armed Services Association, 16 Pa. Commonwealth Ct. 199, 202-203, 329 A. 2d 549, 551 (1974):

"'[T]he lower court on appeal is required to hold hearings *de novo,* make its own findings of fact and conclusions of law and then in the exercise of *its own* discretion either sustain, reverse, or modify the action taken by the Board. The court is in no way limited either by statute or by case authority to

a review of the Board's discretion, but rather makes a completely independent determination of all facets of the case in rendering its own decision' . . . 'It is now firmly established that the lower court must make findings of fact on the material issues different from those made by the Board before the action taken by the Board can be reversed or changed.' [Citations omitted.]" (Emphasis in original.)

It is the court's duty to evaluate the credibility of the witnesses, weigh the testimony and, as this proceeding is civil in nature, determine whether or not the violations charged have been established by a preponderance of the evidence: Moravian Bar, Inc. Liquor License Case, 200 Pa. Superior Ct. 231, 188 A. 2d 805 (1963); Smart Inc. v. Pennsylvania Liquor Control Board, 35 Lehigh 346 (1973)[2]. Where such charges have been so established by competent evidence the court, even where it considers the penalty too severe, is powerless to reduce the penalty imposed by the board: Pace Liquor License Case, 218 Pa. Superior Ct. 300, 280 A. 2d 642 (1971); Pennsylvania Liquor Control Board v. Washington Sporting Club, 13 Pa. Commonwealth Ct. 257, 320 A. 2d 851 (1974).

This court does make a finding of fact on a material issue different from those as found by the board below. Specifically, we find that the poker machines as described in this case do not constitute illegal gambling devices. The case of Com. v. Two Electronic Poker Game Machines and One Elec-

2. Affirmed in 16 Pa. Commonwealth Ct. 37, 328 A. 2d 923 (1974.)

tronic Blackjack Game Machine, 38 Lehigh 421 (1980), is dispositive of this issue. In that in rem proceeding, our colleague, Honorable John E. Backenstoe, after thoroughly describing the machines and extensively reviewing the law, held that the identical poker machine was not a gambling device per se.

Because the machines are not gambling devices per se, the board's fine cannot be sustained unless licensee permitted them to be used for illegal gambling purposes. However, in the absence of evidence of monetary payoffs to winning players, or bets between the players, we find that the machines were not used for illegal gambling purposes on the dates in question. See Two Electronic Poker Game Machines, supra.

It would be naive to conclude that these machines could not be used for illegal gambling purposes. We hold merely that the board did not sustain its burden of proving that on the dates in question the licensee permitted use of these machines for illegal gambling purposes, as opposed to legitimate amusement purposes.

Accordingly, we reverse the order of the Pennsylvania Liquor Control Board.

## ORDER

Now, October 9, 1981, for the reasons stated in the accompanying opinion, it is ordered that the appeal of Emmaus Volunteer Fire Company Number 3 is granted and the order of the Pennsylvania Liquor-Control Board dated April 13, 1981, is hereby reversed.