In Re: The Boardwalk, Inc. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued October 6, 1982, before Judges Rogers, Blatt and Craig, sitting as a panel of three.

*Gary F. DiVito,* Assistant Counsel, with him *J. Leonard Langan,* Chief Counsel, for appellant.

No appearance for appellee.

Opinion by Judge Craig, December 20, 1982:

With respect to the power of a court of common pleas to revise or reduce a penalty imposed by the Pennsylvania Liquor Control Board, the established rule is that the common pleas court may effect a change in penalty only when it has made significant and materials changes in the findings of the board. *Pennsylvania Liquor Control Board v. Latrobe Armed Services Association,* 16 Pa. Commonwealth Ct. 199, 329 A.2d 549 (1974); *Pennsylvania Liquor Control Board v. Washington Sporting Club,* 13 Pa. Commonwealth Ct. 257, 320 A.2d 851 (1974).

This case presents a variation on the theme. The question is: Where the common pleas court finds that action taken by the Liquor Control Board in a case lacks factual foundation, may the court reduce the penalty imposed by the board in a subsequent case

involving a different violation, which the court finds to have been factually established, where the board's penalty decision in the later case was partly weighted by an express reference to the earlier violation?

Here the licensee, The Boardwalk, Inc., had been fined $200 by the board for an alleged 1978 insufficient-food violation at Citation No. 226. In a distinctly separate case, Citation No. 942, the board later found the licensee guilty of a 1979 insufficient-food violation and also guilty, in the same month, of serving minors; for the 1979 offenses, the board imposed a three-day license suspension, expressly noting that the board "has also considered" the record of Citation No. 226 "and the penalty imposed thereon," as presented in evidence in the second case.

After the licensee took separate appeals to the Common Pleas Court of Allegheny County, the court proceeded to hear the 1978 offense first, and the trial judge sustained a demurrer to the evidence, thus eliminating the $200 fine arising from the 1978 offense.

Proceeding thereafter with the hearing on the 1979 violations, the trial judge then fully sustained the factual basis for those violations, but he changed the three-day suspension for the 1979 violations to a fine of $500, noting on the record that:

[I]n view of the fact that the first citation presented to the Board has been, in effect, dismissed by the Court, there is a material change in the facts from those found by the Board.

. . .

His opinion stated:

It is indicated in the Citation, Opinion and Order of the Board that the suspension of three days is imposed in consideration of the instant [1979] violations as well as the alleged

[1978] violation at Citation No. 226 . . . which this Court, on the date of hearing, has set aside by sustaining the appeal [as to the 1978 violation].

Thus, although the trial judge made no change at all in the findings of fact as to the 1979 violations, he apparently regarded the board's reference to the 1978 violation as if it were a finding on which the penalty was partly based.

For a contrary view, the board has cited *Crangi v. Pennsylvania Liquor Control Board*, 25 Pa. Commonwealth Ct. 322, 361 A.2d 488 (1976), in which we reinstated a penalty which had been lifted by a common pleas court decision noting what that court considered to be the board's erroneous or arbitrary consideration of alleged previous violations in fixing a penalty. In precise terms, *Crangi* is distinguishable, however, because, although the former violations considered by the board in that case did not involve the same type of offense, the licensee there was not exculpated from guilt as to those former violations, as the licensee here has been.

Nevertheless, we do not perceive that the trial court's dismissal of the 1978 offense in this case constitutes a change in the factual matrix of the 1979 violation; the trial court has confirmed that the licensee acted as charged with respect to the 1979 issue.

Moreover, the board did not express its reference to the licensee's record as a factual finding. After reciting numbered findings of fact, the board added

WHEREAS, the Board has also considered the following record of a prior citation issued against the licensee, and the penalty imposed thereon, as presented in evidence at the aforesaid hearing:

Citation No. 226, 1979. . . .

At most, the reference is ambiguous; the board may have been noting the 1978 offense as a basis for increasing the 1979 penalty, or it may have been noting the 1978 penalty as a basis for ameliorating the latter one.

With no factual findings being changed, we cannot let the trial court decision stand, but we do agree with the trial court's perceptive recognition that the board's penalty imposition in 1979 may have been different without the 1978 offense in the picture. Therefore, we will remand with a direction to remand the case to the board for reconsideration of the 1979 penalty.

ORDER

Now, December 20, 1982, the order of the Court of Common Pleas of Allegheny County dated October 2, 1980, at SA 992 of 1979, is vacated, and it is directed that this case be remanded to the Pennsylvania Liquor Control Board for reconsideration of the penalty imposed by it at its Citation No. 942, 1979.