506 A.2d 526

R & R Lounge, Inc. t/a Freddie's Restaurant, Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Submitted on briefs February 4, 1986, to Judges ROGERS and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*W. Hamlin Neely,* for appellant.

*Felix Thau,* Deputy Chief Counsel, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, March 20, 1986:

R & R Lounge, Inc., t/a Freddie's Restaurant, Appellant herein, appeals here an order of the Court of Common Pleas of Lehigh County which dismissed its appeal from a license revocation order of the Pennsylvania Liquor Control Board (LCB). We affirm.

The following facts are pertinent. Appellant operated a business at 222-224 East Hamilton Street in Allentown and held a Restaurant Liquor License and an Amusement Permit. On November 22, 1983, the LCB

cited the Appellant for permitting the solicitation of patrons for immoral purposes, to wit prostitution, on October 5, 6, 7, and 18, 1983. A hearing on the citation was held and on September 18, 1984, the LCB issued an adjudication in which it found that the violation had been established and ordered the revocation of Appellant's Restaurant Liquor License and Amusement Permit. An appeal to common pleas court was taken and a hearing de novo, as required by Section 4-471 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-471, was held. Following that de novo hearing, the common pleas court issued its opinion in which it found the alleged violation to be substantiated and upheld the revocation. A timely appeal to this Court followed.

In this appeal, Appellant contends that (1) the findings of the LCB are inadequate as a matter of law to support its order; and (2) that the common pleas court erred in failing to make an independent consideration of the penalty imposed by the LCB.

We have reviewed the record and the briefs of the parties and conclude that the common pleas court adequately addressed and properly resolved the issues presented. We agree with the common pleas court that the finding made by the LCB is adequate to support its order and comport with administrative due process. We further agree with the common pleas court that its findings are not materially different from those of the LCB and that it was constrained to uphold the penalty, namely license revocation, imposed by the LCB. Accordingly, we will affirm the order of the common pleas court on the basis of the able opinion of the Honorable MAXWELL E. DAVISON reported at 37 Pa. D. & C. 3d 452 (C.P. Lehigh 1985).

94

## ORDER

Now, March 20 1986, the order of the Court of Common Pleas of Lehigh County at Docket No. 74-M/1984, dated March 13, 1985, is hereby affirmed.