546 A.2d 1338

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Hollywood Social Club, Appellee.

Submitted on briefs April 7, 1988, to Judges Barry and Smith, and Senior Judge Narick, sitting as a panel of three.

*Felix Thau,* Deputy Chief Counsel, with him, *Kenneth B. Skelly,* Chief Counsel, for appellant.

No appearance for appellee.

Opinion by Senior Judge Narick, September 6, 1988:

The Pennsylvania Liquor Control Board (PLCB) revoked the liquor license of the Hollywood Social Club (Licensee) for three violations: selling alcoholic bever-

ages to non-members, selling alcoholic beverages after hours, and possessing gambling devices or permitting gambling on the premises. On the Licensee's appeal to common pleas court, the trial judge affirmed the PLCB's order except as to the permitting gambling count. The trial judge therefore remanded, directing the PLCB to impose a lesser penalty.[1] It is from this order the PLCB now appeals.

Our scope of review is limited to a determination of whether the trial court committed an error of law or abused its discretion. *Adair v. Pennsylvania Liquor Control Board,* Pa. , 546 A.2d 19 (1988).

The trial court, after hearing the testimony of the PLCB's enforcement agent, concluded that the evidence established that the Licensee sold alcoholic beverages to a non-member, and that those sales included sales after hours. Further, it found the the agent's testimony supported a finding that the Licensee was in possession of a gambling device, a stamp machine which dispensed tickets bearing three-digit numbers. A payment scale was listed on the machine for matching one, two or all three of the digits. While the agent purchased three separate tickets from the machine, none was a "match," so he did not request or receive a payoff. Further, he did not witness other patrons using the machine or being paid any winnings. Accordingly, the trial court found the evidence did not establish that the Licensee permitted gambling on the premises.

The PLCB argues, essentially, that the trial court abused its discretion in treating the third finding of fact in its order as two separate violations, *i.e.* possessing gambling devices and permitting gambling. Proof of ei-

---

[1] The court, in its opinion, directed that the penalty imposed not include revocation.

ther one is all that should have been required here, where the wording of the third finding clearly was in the disjunctive. That finding reads as follows: "3. The licensed organization, by its servants, agents or employes possessed or operated gambling devices or paraphernalia *or* permitted gambling or lotteries on a licensed premises, on February 24, 1985." (Emphasis added.) Accordingly, the PLCB argues, because the trial court found the material facts to be the same as those found by the PLCB, it could not alter the penalty imposed, either on its own or by remanding.

This was a correct statement of the law (*see, e.g., In Re: The Boardwalk, Inc.,* 70 Pa. Commonwealth Ct. 416, 453 A.2d 378 (1982)) until our Supreme Court's recent decision in *Adair.* The Court held:

[I]n an appeal from a decision of the Board, pursuant to section 471 of the Liquor Code, the lower court is to conduct a *de novo* review, and in the exercise of its statutory discretion, make findings and conclusions. Based upon its *de novo* review, the lower court may sustain, alter, change or modify the penalty imposed by the Board. To be sure, the authority to alter, change modify or amend a Board imposed penalty may be exercised by the trial court whether or not it makes findings which are materially different from those found by the Board.

*Id.* at , 546 A.2d at 25.

The trial court here remanded to the PLCB for it to reconsider the penalty imposed. Under *Adair,* it is incumbent upon that court to reach its own conclusion with respect to whether the penalty should be sustained, altered, changed or modified.

Accordingly, we must vacate the trial court's order, and remand for it to determine the appropriate penalty.

ORDER

AND NOW, this 6th day of September, 1988, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is vacated and the cause remanded for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.