In Re: New Look Lounge, Inc. etc. New Look Lounge, Inc., Appellant.

Submitted on briefs February 28, 1983, to Judges BLATT, WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Louis E. Caputo*, for appellant.

*Gary F. Divito*, Assistant Counsel, with him *J. Leonard Langan*, Chief Counsel, for appellee.

OPINION BY JUDGE BARBIERI, May 5, 1983:

The appellant, New Look Lounge, Inc., appeals an Allegheny County Common Pleas Court Order, which affirmed and modified an order of the Pennsylvania Liquor Control Board (Board) suspending the appellant's liquor license for a period of ten days.

On December 4 and 11, 1980, the appellant/licensee was investigated by an enforcement officer of the Board who observed several apparent violations of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§1-101-9-902. On the dates in question, the officer observed that the appellant, in a room open only to females, provided male go-go dancers, which dancers were observed kissing female patrons. Additionally, the officer observed that the appellant offered drinks at a two-for-one price in the room featuring its dancers. At a hearing held on May 27, 1981, the Board made the following findings:

1. The licensee's licensed establishment was not accessible at all times to the use and accommodation of the general public, on December 4, 11, 1980.

2. The licensee, by its servants, agents or employees offered and/or gave inducements to certain persons by allowing them privileges not permitted the general public, on December 4, 11, 1980.

3. The licensee permitted entertainers to conduct and/or associate with patrons on the licensed premises, on December 4, 11, 1980.

The Board, concluding that the appellant was in violation of several provisions of the Liquor Code, suspended the appellant's liquor license for a period of ten days. The appellant/licensee appealed to the court of common pleas, which affirmed the Board's suspension, but modified the penalty to seven days after deciding that the two-for-one pricing was not a violation of the Liquor Code. The present appeal followed.

The appellant asserts that, since there were other rooms upon the premises open at all times to the general public and the inaccessibility to its room featuring male dancers was limited only during performance hours, there was no violation of the Liquor Code. We do not agree.

Section 491(6) of the Liquor Code, 47 P.S. §4-491 (6) makes it quite clear that this contention by the appellant is totally without merit. The section reads

It shall be unlawful—(6) . . . For any restaurant or hotel licensee, his servants, agents or employes, to sell any liquor or malt or brewed beverages for consumption on the licensed premises except in a room or rooms or place on the licensed premises at *all times accessible to* the use and accommodation of the general public. . . . (Emphasis added.)

The appellant also contends that it was not in violation of Section 5.32(d) of the Liquor Control Board Regulations, 40 Pa. Code §5.32(d), which provides in pertinent part: "No licensee shall permit any person engaged directly or indirectly as an entertainer in the licensed establishment . . . to contact or associate with the patrons in such establishment." Although it is undisputed that contact did occur between male dancers and female patrons upon the licensed premises,

the appellant has urged this Court to find that it was not in violation of this regulation since it took affirmative action, in the nature of signs and announcements, to prohibit dancers from contacting patrons. This argument, and similar ones like it, have been advanced and rejected a number of times by the courts of this Commonwealth upon the basis that a licensee is responsible for the acts of its servants and agents who violate the Liquor Code, even if the licensee has no personal knowledge of the violation.[1] *Primo's Bar, Inc. Liquor License Case,* 48 Pa. Commonwealth Ct. 188, 409 A.2d 1369 (1979), *R.G.R. Enterprises, Inc. Appeal,* 30 Pa. Commonwealth Ct. 607, 374 A.2d 998 (1977), *Fraternal Order of Eagles Easton Aerie No.*

---

[1] The purpose of this rule was clearly enunciated by our Supreme Court in the case of *Commonwealth v. Koczwara,* 397 Pa. 575, 580-81, 155 A.2d 825, 828 (1959) when it stated:

"There is perhaps no other area of permissible state action within which the exercise of the police power of a state is more plenary than in the regulation and control of the use and sale of alcoholic beverages." It is abundantly clear that the conduct of the liquor business is lawful only to the extent and manner permitted by statute. Individuals who embark on such an enterprise do so with knowledge of considerable peril, since their actions are rigidly circumscribed by the Liquor Code.

Because of the peculiar nature of this business, one who applies for and receives permission from the Commonwealth to carry on the liquor trade assumes the highest degree of responsibility to his fellow citizens. As the licensee of the Board, he is under a duty not only to regulate his own personal conduct in a manner consistent with the permit he has received, but also to control the acts and conduct of any employee to whom he entrusts the sale of liquor. Such fealty is the *quid pro quo* which the Commonwealth demands in return for the privilege of entering the highly restricted and, what is more important, the highly *dangerous* business of selling intoxicating liquor (quoting Tahiti Bar, Inc. Liquor License Case, 395 Pa. 355, 360, 150 A.2d 112, 115 (1959)). (Footnote deleted.)

*111 v. Pennsylvania Liquor Control Board,* 29 Pa. Commonwealth Ct. 646, 372 A.2d 1247 (1977).

Having disposed of the appellant's contentions, we note that the Board in its brief as appellee asserts that the common pleas court exceeded its authority in reducing the penalty fixed by the Board. Unfortunately for appellee, since it failed to file an order or cross appeal to properly bring this question before us, we cannot and do not reach this issue.

We will affirm.

### ORDER

AND Now, this 5th day of May, 1983, the order of the Court of Common Pleas of Allegheny County, dated December 7, 1981, is hereby affirmed.