## Parker v. Pa. Liquor Control Board

374

*Charles W. Watson,* for appellant.

*Charles F. Wade,* for Pennsylvania Liquor Control Board.

FRANKS, *J.,* April 9, 1984—This is an appeal from a seven day suspension of a restaurant liquor license by the Pennsylvania Liquor Control Board for the sale of liquor between the hours of 2:00 a.m. and 7:00 a.m. by appellant on March 5, 1983, in violation of the Pennsylvania Liquor Code, Act of April 12, 1951, P.L. 90 as amended, 47 P.S. §1-101 et seq. Appellant filed this appeal asserting that citation No. 1021, 1983, was not the third citation in four years against appellant and that the suspension of appellant's Restaurant Liquor License, No. R-1255, for a period of seven days was improper under the circumstances and should be set aside. We agree.

## FINDINGS OF FACT

1. In 1979, Elizabeth Parker and Timothy Mahoney purchased a liquor license as partners trading and doing business as "The Brass Rail."

2. The partnership of Elizabeth Parker and Timothy S. Mahoney was cited for two (2) Liquor Code violations in 1980 (Citation nos. 1045 and 1531).

3. On January 2, 1982, a partnership consisting of Timothy S. Mahoney and Christopher S. Parker was formed and the liquor license in question was

transferred upon application by the Liquor Control Board to the partnership.

4. The instant violation was charged against the present partners of "The Brass Rail," Christopher S. Parker and Timothy S. Mahoney.

5. On August 22, 1983, the Liquor Control Board issued its decision and imposed the seven day suspension upon appellant.

• • •

## DISCUSSION

Both sides agree that the issues involved in this case are as follows:

1. If there is a violation of the Pennsylvania Code, is it the third violation within a four year period as defined under the code?

2. May the Court of Common Please of Fayette County reduce the penalty imposed by the Liquor Control Board in this instance?

The Liquor Code, at 47 P.S. §4-471, provides that:

"[I]f the violation in question is a third or subsequent violation of this act or the act of June 4, 1939 (P.L. 872), known as 'The Penal Code,' occurring with a period of four years the board shall impose a suspension or revocation."

In this case the Liquor Control Board takes the position that this is, in fact, the third violation within a four year period by the same party. It contends that although the members of the partnership have changed, there is still at least one partner who has been present and a member of the partnership during all three of the liquor code violations. Therefore, according to the board, it is the same entity insofar as the holders of the liquor license are concerned, and the same entity that has three violations against

it during the four year period. Appellant contends it is not the same entity.

The Uniform Partnership Act defines "dissolution" as "the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on, as distinguished from the winding up, of the business." 59 P.S. §351. The act further states as one of the causes of dissolution, the express will of all of the partners. 59 P.S. §353(1)(iii). Therefore, when Elizabeth Parker withdrew from the partnership and Christopher S. Parker replaced her, a new partnership, or entity, was formed. Furthermore, the sale of Mrs. Parker's interest to Christopher S. Parker, as evidenced in appellant's Exhibit No. 1, gave birth to a new partnership between Christopher S. Parker and Timothy S. Mahoney, on January 2, 1982.

The new entity was further given imprimatur by the Liquor Control Board, when it approved the application for an amended liquor license, and subsequently issued it. We are satisfied that the replacement of one of the two parties of "The Brass Rail" caused a dissolution of the old entity and the creation of a different and distinct entity.

Since the violation of March 5, 1983 was the first for the partnership that commenced on January 23, 1982, we must next decide whether or not it is proper for this court to amend the penalty imposed by the Liquor Control Board against appellant. We conclude we may as we have found a different and significant material fact than that considered by the Liquor Control Board. Pennsylvania Liquor Control Board v. Latrobe Armed Services Association, 16 Pa.Commw. 199, 329 A.2d 529 (1974); Pennsylvania Liquor Control Board v. Washington Sporting Club, 13 Pa.Commw. 257, 320 A.2d 851 (1974); see also In Re: The Boardwalk, Inc., 70 Pa.Commw.

416, 453 A.2d 378 (1982), a case in which there was a remand to the Liquor Control Board for reconsideration of a penalty imposed, where the syllabus of the opinion by Judge Craig states:

"A court of common pleas has no power to modify a penalty imposed upon a licensee by the Pennsylvania Liquor Control Board unless it has made a significant and material change in findings of fact of the board, and the fact that the court has reversed a decision of the board as to one violation does not permit the court to modify a penalty imposed by the board for a second violation where no different findings were made by the court as to that violation although the board indicated outside its findings of fact that it considered in some way the first violation when assessing the penalty for the second." Therefore, as long as the court of common pleas following a de novo hearing finds specific material change in facts from that found by the Liquor Control Board, it may modify the penalty originally imposed. Emersons of Plymouth Meeting v. Commonwealth Liquor Control Board, 30 Pa. Commw. 607, 374 A.2d 998 (1977). The penalty may not be reduced by the court solely because the court concludes the penalty may be too severe. In Appeal of R.G.R. Enterprises, Inc., 30 Pa.Commw. 607, 374 A.2d 998 (1977). However, this is not the instant case as this court is being asked to impose a new penalty reflecting a substantially new material fact, i.e. a new partnership, which is subject to only one Liquor Code violation. Justice, fairness and the law dictate that this can and should be done because the board specifically made the following erroneous findings of fact:

"WHEREAS, the board has also considered the following record of prior citations issued against the

licensee and the penalties imposed thereon, as presented in evidence at the aforesaid hearings:
Citation No. 1531, 1980; citation No. 1045, 1980; and

"WHEREAS, the above citation at 1021, 1983, is a third citation within a period of four years and under the provisions of the Liquor Code it is mandatory that the board impose a suspension or revocation."

In conclusion, after consideration of all the evidence, and briefs of counsel, we hold that a new partnership was formed on January 2, 1982, a material fact not found by the board; that the liquor law violation on March 5, 1983, was the only violation against the appellant, and that justice, fairness and the law command a reduction in the penalty imposed by the Liquor Control Board.

• • •

## ORDER

And now, this April 9, 1984, the appeal of Christopher S. Parker and Timothy S. Mahoney, t/d/b/a The Brass Rail, 58 East Fayette Street, Uniontown, Pa. 15401, is hereby sustained. The Liquor Control Board is directed to impose a fine of $750 upon appellant for citation No. 1021, 1983, issued by Liquor Control Board on April 13, 1983, for a Liquor Code violation on March 5, 1983.