Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Samjess Bar Corp., Appellee.

Submitted on briefs June 6, 1984, to Judges WILLIAMS, JR., BARRY and BLATT, sitting as a panel of three.

*Gary F. Di Vito,* Chief Counsel, for appellant.

*Abraham J. Levinson,* for appellee.

OPINION BY JUDGE BARRY, August 8, 1984:

This appeal is from an order of the Court of Common Pleas of Philadelphia County which reversed an order of the Pennsylvania Liquor Control Board (Board) and suspended the liquor license of Samjess Bar Corp. (appellee) for twenty-one days and imposed a fine of $1,000.00 for a violation of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§1-101—9-902.

In February, 1982, appellee, which holds a restaurant liquor license, was issued a citation by the Board, charging the appellee with (1) permitting lewd, immoral or improper entertainment on the premises, (2) permitting entertainers to contact and/or associate with patrons on the premises, (3) permitting persons to engage in acts of deviate sexual intercourse on the premises, and (4) selling, furnishing or giving liquor for consumption off the premises. Following a hearing, the Board, finding that all four alleged violations had, in fact, occurred on July 2, 1982, revoked appellee's license effective August 3, 1982.

Appellee then filed an appeal to the Court of Common Pleas of Philadelphia County for a hearing de novo. Following that hearing, the court found the cumulative testimony of the patrons to be more credible than the testimony of witnesses for the Board and, therefore, found that the only violation which had occurred was the sale of liquor for consumption off the premises. Accordingly, the court reversed the order revoking appellee's license and, instead, suspended appellee's license for twenty-one days and imposed a fine of $1,000.00. The Board then appealed to this Court.

In *Rum Seller, Inc. v. Pennsylvania Liquor Control Board,* 78 Pa. Commonwealth Ct. 414, 417, 467 A.2d 916, 918 (1983), we stated, "[O]ur scope of review where, as here, the matter was heard de novo by the trial court, is limited to a determination of whether the order appealed from was supported by sufficient evidence and whether the trial court committed an error of law or abused its discretion." Furthermore, "in order to reverse or modify the Board's action, a court must make factual findings on the material issues different from those found by the Board." *A.R.F. Bar, Inc. Liquor License Case,* 72 Pa. Commonwealth Ct. 367, 369 n. 4, 456 A.2d 709, 711 n. 4 (1983).

Section 471 of the Liquor Code, in pertinent part, provides:

[I]f satisfied that any such violation [of the Liquor Code] has occurred . . . , the board shall immediately suspend *or* revoke the license, *or* impose a fine of not less than Fifty dollars ($50) nor more than one thousand dollars ($1,-000). . . . In the event the person who was fined *or* whose license was suspended *or* revoked by the board shall feel aggrieved by the action of the board, he shall have the right to appeal to the court of quarter sessions or the county court

of Allegheny County in the same manner as herein provided for appeals from refusals to grant licenses. Upon appeal, the court so appealed to shall, *in the exercise of its discretion,* sustain, reject, alter or modify the findings, conclusions and penalties of the board, based on findings of fact and conclusions of law as found by the court. (Emphasis added.)

47 P.S. §4-471 (Supp. 1984-85). In this case, the trial court, after hearing the evidence, made findings on credibility which materially differed from the findings of the Board. For this reason the Court unquestionably had the authority to reduce the penalty. *A.R.F. Bar, Inc.* The Board does not challenge the court's authority in this regard; rather, the Board questions the legality of the actual penalty imposed.

The Board argues that the trial court imposed an illegal penalty when it imposed *both* a fine and a suspension. Section 471 of the Liquor Code clearly states that the *Board,* upon finding a violation of the Liquor Code, may either revoke *or* suspend the license *or* impose a fine. The Board reasons that the trial court is necessarily limited in the same fashion as the Board when imposing a penalty. We do not agree.

Our research indicates the present question is one of first impression. The Liquor Code provides, however, that a trial court "shall, in the exercise of its discretion, sustain, reject, alter or modify the findings, conclusions and penalties of the Board, based on findings of fact and conclusions of law as found by the court." 47 P.S. §4-471 (Supp. 1984-85.) As already mentioned, the court may change the penalty imposed by the Board only when the court makes different factual findings on material points. *A.R.F. Bar, Inc.* Aside from this restriction, neither the Liquor Code nor the case law interpreting it limits the power of the court in the actual modification of the penalty. As the

language giving the court the power to review penalties is broad and without limitation, we do not believe a penalty of both a suspension and a fine is illegal.

ORDER

Now, August 8, 1984, the order of the Court of Common Pleas of Philadelphia County, entered December 13, 1982, at No. 82-07-2536, is affirmed.