## In re Anna Maria's North Inc.

*William Malone,* for appellee.
*Frank McDonnell,* for appellant.

COTTONE, *J.,* February 3, 1988—This matter comes by way of an appeal of a license revocation by the Pennsylvania Liquor Control Board.

On October 23, 1987, the PLCB ordered that the restaurant liquor license issued to Anna Maria's North Inc. be revoked. The revocation stemmed from a citation issued to Anna Maria's on April 22, 1987, alleging that, on or about December 26, 1986, by its servants, agents or employees, Anna Maria's aided, abetted or engaged in the traffic in, or use of a controlled substance on its premises and/or permitted the use of its premises in the furtherance of the traffic in, or use of a controlled substance[1] in violation of the provisions of the Pennsylvania Liquor Code.[2]

A hearing was held by the PLCB on this matter on July 16, 1987. An officer of the police department testified that on December 26, 1986, Jeff Sileo, who was tending bar at Anna Maria's, sold what later proved to be cocaine to her in the kitchen area of the bar during business hours. No one associated with Anna Maria's testified during the PLCB hearing. On November 10, 1987, Anna Maria's appealed from the decision of the board.

The Liquor Code provides that a trial court "shall, in the exercise of its discretion, sustain, reject, alter or modify the findings, conclusions and penalties of the PLCB, based on findings of fact and conclusions

---

1. In the same citation, it was also alleged that Anna Maria's served alcoholic beverages between the hours of two and seven a.m. However, the evidence produced at the PLCB hearing did not establish such a violation.

2. Act of Assembly approved April 12, 1951, P.L. 90, as amended. See 47 P.S. § 4-471 (Supp. 1987).

of law as found by the court." 47 P.S. § 4-471 (Supp. 1987). *PLCB v. Samjess Bar Corp.,* 84 Pa. Commw. 391, 479 A.2d 86 (1984). On appeal from a license revocation, in order to reverse or modify the PLCB's action, a court must make factual findings on the material issues different from those found by the PLCB. *A.R.F. Bar Inc. Liquor License Case,* 72 Pa. Commw. 367, 369, 456 A.2d 709, 711 (1983).

At the hearing before this court held on January 8, 1988, Mary Sileo testified that she is the sole stockholder in the corporation and has been since its incorporation. She testified that at no time was she aware of any drug activity on the business premises and that it was always her policy to forbid such activity. She further testified that Anna Maria's received no financial gain from drug trans-actions. At the time the incident in this case took place, Jeff Sileo was the secretary and treasurer of the corporation. Because of his arrest, he was dis-missed as an employee of Anna Maria's and banned from the premises. Jeff Sileo does not, nor did he own, any stock in the corporation. These facts relate to the material issue in this case and are different from those found by the PLCB. It is, therefore, with-in our power to reverse the decision of the PLCB. See *A.R.F. Bar, supra.*

Appellant cites two cases in her brief. The first is *Primo's Bar Inc. v. PLCB,* 48 Pa. Commw. 188, 409 A.2d 1369 (1979). Appellant cites *Primo's Bar, supra,* for the proposition that the board cannot revoke a license when such revocation would work a hardship against an innocent third party. In Primo's the sole shareholder, president, treasurer, secretary, manager, and one of three members on the board of directors was convicted of third degree murder. The Commonwealth Court held that the PLCB's revocation for conduct unconnected to ei-

ther the Liquor Code or conduct on the premises was not warranted 'where such revocation would nearly destroy the security interest in the lender who ousted the convicted person and undertook control of the corporation.

Relying on *Price Bar Inc. Liquor License Case,* 203 Pa. Super. 481, 201 A.2d 221 (1964),[3] the court in *Primo's* reasoned:

"The corporate entity in this situation should remain a discrete legal entity; we will not look behind its facade where to do so would visit an inequity upon the innocent pledgee of the stock of this corporation. We cannot find a revocation warranted where to do so would nearly destroy the security interest in a lender, who is now in control of the corporation, for a corporate officer's conduct unconnected to either the Liquor Code or conduct on this premises." *Primo's Bar* at 194, 409 A.2d at 1373.

*Primo's Bar* is easily distinguishable from the present case. The decision in the former was based on the court's reluctance to disregard the corporate entity and "pierce the corporate veil" to the detriment of an innocent third party. In the instant case, the sole stockholder, Mary Sileo, was not the wrongdoer. The acts of an employee of the corporation precipitated the revocation in this case. Jeff Sileo was the secretary and treasurer of the corporation

---

3. The *Price Bar* court reversed the PLCB's revocation against a corporate licensee where a 50 percent stockholder had been convicted of a crime, completely independent of the licensed business, outside the licensed business premises and not violative of the Liquor Code. The court there stated:

"[W]e have not done so [pierced the corporate veil] where the rights of innocent parties are involved and the corporation is used for a legal purpose, otherwise the entire theory of the corporate entity would be made useless." *Id.* at 484, 201 A.2d at 222.

when he engaged in the illegal sale of drugs on the business premises. While the opinion of the PLCB in this case states, without specificity, that "the licensee violated the laws of the commonwealth and/or the regulations of the board relating to liquor, alcohol and malt or brewed beverages," section 471 of the Liquor Code provides:

"Upon learning of any violation of this act or any law of this commonwealth relating to liquor, alcohol or malt or brewed beverages, or any regulations of the board adopted pursuant to such laws, . . . or upon any other sufficient cause shown, the board may . . . cite such licensee to appear before it or its examiner . . . to show cause why such license should not be suspended or revoked. . . ." (emphasis supplied)

Violations of the criminal laws of the commonwealth, as distinguished from violations of the Liquor Code itself, can constitute sufficient cause for revocation. *Quaker City Development Company Appeal,* 27 Pa. Commw. 13, 365 A.2d 683 (1976).

The second case cited by appellant in her brief is also distinguishable from the instant case. That case is *PLCB v. Pollock,* 86 Pa. Commw. 168, 484 A.2d 206 (1984), in which the court held that it was error to revoke partnership licenses on the basis of the misconduct of one partner where the misconduct was without the knowledge of the remaining partners and did not involve a Liquor Code violation. Again, in the present case, the criminal activity was connected with the Liquor Code[4] and committed on the business premises by an employee of the corporation without the knowledge of the sole shareholder.

---

4. See 47 P.S. § 4-471, "upon any other sufficient cause shown."

Our courts have repeatedly held that a licensee is responsible for the act of its servants and agents who violate the Liquor Code, even if the licensee has no personal knowledge of the violation. *Commonwealth v. Koczwara,* 397 Pa. 575, 155 A.2d 825 (1959), cert. denied, 363 U.S. 848, 80 S.Ct. 1624, 4 L. Ed. 2d 1731 (1960) (licensee held criminally liable for acts of his agent in selling alcohol to minors in violation of the Liquor Code); *In re New Look Lounge Inc.,* 74 Pa. Commw. 166, 459 A.2d 68 (1983) (licensee is responsible for the acts of its servants and agents in permitting dancers to have contact with patrons despite the fact that the licensee took affirmative action in the nature of signs and announcements to prohibit such activity); *Appeal of R.G.R. Enterprises Inc.,* 30 Pa. Commw. 607, 374 A.2d 998 (1977) (lack of personal knowledge by the licensee or its officers of the sale of liquor to a minor is not a defense). However, the cases applying this rule are distinguishable from the present case in that here, Anna Maria's received no profit or financial gain from the independent criminal act of one of its officers who was not acting within the scope of his authority when he sold drugs on the business premises. In *In re Liquor License of Penguins of Darby,* 52 Delaware Rep. 73 (1964), the common pleas court reversed an order of the PLCB revoking a club liquor license and the court's reasoning at 74 is persuasive in the instant case:

"The record is completely barren of any evidence tending to prove that on the dates in question McFall and Harris were acting as the servants, agents or employees of the licensed Penguins Club. On the contrary, it is apparent that such conduct was not authorized, either expressly or impliedly, by the manager or any of the officers of the club. Both McFall and Harris were acting on their own behalf

and the illegal sales in question were made solely for their own personal and pecuniary interests. Consequently, there is no basis for holding the appellant responsible for their conduct."

In the same manner, appellant should not be held responsible for the personal actions of her employee for which she received no pecuniary gain. Thus, the appropriate order will be entered reversing the order of the PLCB revoking the restaurant liquor license of Anna Maria's.

## ORDER

And now, February 3, 1988, based on the above opinion, it is hereby ordered that the order of the Pennsylvania Liquor Control Board revoking the restaurant liquor license of Anna Maria's North Inc., be reversed and the appeal of Anna Maria's North Inc., is sustained.