544 A.2d 1120

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Arthur Volpe, Appellee.

Submitted on briefs March 21, 1988, to Judges BARRY and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Eileen S. Maunus,* Assistant Counsel, with her, *Ken Skelly,* Chief Counsel, for appellant.

*Victor H. Pribanic,* for appellee.

OPINION BY JUDGE McGINLEY, July 29, 1988:

The Pennsylvania Liquor Control Board (Board) appeals from an order of the Court of Common Pleas of Allegheny County which modified a suspension imposed by the Board upon Arthur Volpe (Licensee) for sales during prohibited hours, a violation of Section 406(a)(2), 47 P.S. §406(a)(2)[1] and Section 493(16), 47 P.S. §493(16)[2] of the Pennsylvania Liquor Code (Code). The trial court reduced the fifteen (15) day suspension

_____

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §406(a)(2). Section 406(a)(2) of the Code provides:

Hotel and restaurant liquor licensees, airport restaurant liquor licensees, municipal golf course restaurant liquor licensees and (footnote omitted) privately-owned public golf course restaurant licensees may sell liquor and malt or brewed beverages only after seven o'clock antemeridian of any day until two o'clock antemeridian of the following day, except Sunday, and except as hereinafter provided, may sell liquor and malt or brewed beverages on Sunday between the hours of twelve o'clock midnight and two o'clock antemeridian.

[2] Section 493(16) of the Code provides:

For any licensee, his servants, agents or employes, to give, furnish, trade, barter, serve or deliver any liquor or malt or brewed beverages to any person during hours or on days when the licensee is prohibited by this act from selling liquor or malt or brewed beverages.

imposed by the Board to seven (7) days. The Board appeals. We reverse.

The facts of this controversy are not contested. On March 3, 1985, a Board Enforcement Officer entered Mr. Lolly's, an establishment licensed by the Board and owned by Licensee. The Board officer purchased alcoholic beverages four times between 2:00 a.m. and 2:55 a.m. The Board subsequently issued Licensee a citation alleging sales during prohibited hours, a violation of Sections 406(a)(2) and 493(16) of the Code. After a hearing, the Board found that Licensee violated provisions prohibiting after hour sales. Additionally, the Board noted that this was the Licensee's third citation within a four year period for the same offense.[3] The Board then suspended Licensee for fifteen (15) days.

On appeal, the trial court found that the after hours violation resulted from alcoholic beverages being sold at a "Toys for Tots" party, the proceeds from which were donated to innocent indigent children. The trial court reduced the suspension to seven (7) days.

The Board's sole contention on appeal is that no significant or materially different findings of fact which would warrant modification of the penalty imposed by the Board were made by the trial court. We agree.

In *In re Appeal of R.G.R. Enterprises, Inc.*, 30 Pa. Commonwealth Ct. 607, 374 A.2d 998 (1977), our Court held that in order to modify a penalty imposed by the Board, the trial court must make findings of fact on material issues different from those of the Board.[4]

---

[3] Appeal from Order of the Pennsylvania Liquor Control Board Imposing a Fifteen (15) Day Suspension, Exhibit A, Official Record, Opinion and Order of the Liquor Control Board dated August 18, 1986.

[4] In *R.G.R. Enterprises* the court states:
It is well settled that the lower court may not reduce the penalty imposed by the Board simply because it is considered too severe. . . . As to whether or not the additional

In the instant case, the trial court found that the benefit to the charity sanitized the wrongful conduct. Charity is admirable; however, it does not justify or excuse the violation. The Board has the primary responsibility for imposing penalties. *R.G.R. Enterprises* at 611, 374 A.2d at 1000. After hours sales benefiting charitable causes are violations of the Code. Further, this is Licensee's third violation for the same offense in the last four years. Accordingly, the order of the trial court is reversed and the fifteen (15) day suspension imposed by the Board is reinstated.

ORDER

Now, July 29, 1988, the order of the trial court is hereby reversed and the fifteen (15) day suspension imposed by the Board is reinstated.

---

findings made by the lower court here justified a modification of the penalty, we must be guided by the following applicable standard:

'The court of common pleas may change the penalty imposed by the Board "only when it has made significant and material changes in the findings of the Board." . . .

It is now firmly established that the lower court must make findings of fact on the material issues different from those made by the Board before the action taken by the Board can be reversed or changed. Unless the lower court's change or modification is so grounded, it cannot stand. . . .' *Id.* at 609-10, 374 A.2d at 999 (citations omitted).