623 A.2d 391

**PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR CONTROL ENFORCEMENT, Appellant,**

v.

**LIBERTY SOCIETY OF ERIE.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 20, 1992.

Decided March 10, 1993.

Reargument Dismissed April 1, 1993.

Stanley J. Wolowski, Asst. Counsel, for appellant.

Ian M.C. Murray, for appellee.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

The Pennsylvania State Police, Bureau of Liquor Control Enforcement (Bureau) appeals from an order of the Court of Common Pleas of Erie County (trial court) which reversed the decision of the Pennsylvania Liquor Control Board (Board) which affirmed the Administrative Law Judge's (ALJ) imposition of penalties on the Liberty Society of Erie (Licensee). We reverse the order of the trial court and reinstate the penalties imposed by the ALJ.

This case arises out of a citation issued by the Bureau, charging Licensee with violating, *inter alia,* Sections 406(a)(4) and 493(16) of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§ 4–406(a)(4) and 4–493(16).[1] At a hearing before the ALJ, the parties stipulated that the violations in fact occurred. The parties further stipulated, for the purpose of mitigation, that certain officers of Licensee had been cooperating with the Pennsylvania Office of Attorney General and the Erie County District Attorney's Office and that these agencies, during the course of their investigations,

---

1. Section 406(a)(4) provides, in pertinent part, that "[n]o club licensee or its servants, agents or employees may sell liquor or malt or brewed beverages between the hours of three o'clock antemeridian and seven o'clock antemeridian on any day."

   Section 493(16) provides, in pertinent part, that it shall be unlawful "[f]or any licensee, his servants, agents or employes, to give, furnish, trade, barter, serve or deliver any liquor or malt or brewed beverages to any person during hours or on days when the licensee is prohibited by this act from selling liquor or malt or brewed beverages."

   In addition to violating these provisions, Licensee also was charged with other Code violations, which are not the subject of this appeal and, therefore, will not be addressed by this Court.

utilized Licensee's premises on numerous occasions. The Bureau then introduced Licensee's prior violation history which indicated that the instant citation represented Licensee's fourth after hours violation in the preceding two and a half years and Licensee's sixth Code violation in the preceding four years. Based on the evidence presented, the ALJ imposed a fine of $3,000 and suspended its license for a period of thirty days.

On appeal, the Board affirmed the ALJ's decision. Licensee then appealed to the trial court which, without taking additional evidence,[2] found that "there were more than sufficient mitigating circumstances to allow the operation after hours" and that because Licensee "was in close cooperation with the various law enforcement agencies and was doing it at the direction of law enforcement agencies," the penalty imposed on Licensee by the ALJ constituted an abuse of discretion. As such, the trial court revoked the fine and the suspension.

On appeal to this Court, the only issue presented is whether the trial court erred in holding that the ALJ abused his discretion in imposing a $3,000 fine and a thirty day suspension upon Licensee for the offense of selling alcoholic beverages after hours.[3]

2. Although Licensee presented additional testimony before the trial court, upon objection by the Bureau, the trial court indicated that it would disregard this testimony.

3. This Court has not expressly defined its scope of review under the 1987 amendment to Section 471 of the Code, which provides that on appeal to the Board, the appeal shall be based solely on the record before the administrative law judge. In interpreting this amendment, we held in *In re Appeal of Iggy, Inc.*, 140 Pa.Commonwealth Ct. 168, 592 A.2d 122 (1991), that Section 471 does not authorize a common pleas court to conduct a *de novo* review of an administrative law judge's decision. As such, we determined that the common pleas court's scope of review is limited to determining whether the administrative law judge's findings of fact are supported by substantial evidence and whether the administrative law judge committed an error of law or abused his discretion. Our scope of review where, as here, the trial court takes no additional evidence is the same as that of the trial court. *Livingston v. Doylestown Township*, 145 Pa.Commonwealth Ct. 460, 603 A.2d 705 (1992).

Our Supreme Court has defined an abuse of discretion as follows:

> not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record, discretion is abused.

*Hainsey v. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board,* 529 Pa. 286, 297, 602 A.2d 1300, 1305 (1992) (citations omitted).

In deciding whether the trial court erred in holding that the ALJ in the case at bar abused his discretion, we must first determine whether the ALJ, in imposing the fine and suspension on Licensee, overrode or misapplied the law. Pursuant to Section 471(b), if a licensee has been cited and found to have violated Section 493(16), "the administrative law judge shall immediately suspend or revoke the license, or impose a fine of not less than one thousand dollars ($1,000) nor more than five thousand dollars ($5,000), or both." 47 P.S. § 4–471(b). Moreover, Section 471(c) provides that if the violation in question is a third or subsequent violation of the Code occurring within a period of four years, the administrative law judge shall impose a suspension or revocation. 47 P.S. § 4–471(c). Given that the violation in the instant case represented Licensee's fourth sales after hours violation and its sixth violation in general within a period of four years, a thirty day suspension and a $3,000 fine are clearly permissible and within the scope of Section 471. We, therefore, conclude that the ALJ neither overrode the law nor misapplied it.

Next, we must determine whether the ALJ, in imposing the penalties against Licensee, exercised judgment which was manifestly unreasonable. Licensee maintains that because Licensee was cooperating with and "acting at the direction of" state and local law enforcement agencies, the penalties imposed by the ALJ were manifestly unreasonable. However, we find nothing in the record to suggest that Licensee served alcoholic beverages after hours at the direction of these agen-

cies. In fact, the record reveals the contrary.[4] Moreover, our examination of the law does not reveal, nor does Licensee cite to, any case or statute which suggests that the existence of these or other "mitigating circumstances" allows a licensee to serve alcoholic beverages after hours. *See Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board v. Volpe*, 118 Pa.Commonwealth Ct. 285, 544 A.2d 1120 (1988) (fact that after-hours sales of alcoholic beverages occurred at charitable benefit did not justify or excuse violation and, thus, third citation for selling during prohibited hours, within four years, warranted 15–day suspension of liquor license). We therefore, conclude that Licensee's involvement in the investigations of these agencies was not a defense and need not have been considered when penalties were imposed against it.

Last, our examination of the record indicates that nothing exists to suggest that the judgment exercised by the ALJ was the result of partiality, prejudice, bias, or ill-will. Therefore, we conclude that the trial court erred in its determination that the ALJ abused his discretion in imposing a $3,000 fine and a thirty day suspension upon Licensee for the offense of selling alcoholic beverages after hours.

Accordingly, we reverse the order of the trial court and reinstate the penalties imposed by the ALJ.

## ORDER

AND NOW, March 10, 1993, the order of the Court of Common Pleas of Erie County in the above-captioned matter is reversed, and the fine of three thousand dollars ($3,000) and

---

**4.** Specifically, Licensee's counsel stipulated as follows:

Well, [the agents'] testimony would be that they've worked right on premises, they're agents, that my client has actively worked during that period of time, that they, of course, can't condone and *did not give them permission in a sense to stay open after 3:00,* but clearly my client for those periods of times, in a way that can't be discussed on the record, but clearly was actively working on the investigation after 3 o'clock.

Notes of Testimony, Hearing of June 25, 1991, at 27–28 (emphasis added).

the suspension of the license for a period of thirty (30) days are reinstated.

PELLEGRINI, J., dissents.